### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANGELA MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 22-2061-KHV |
| | ) | |
| 3102 51st KCK LLC, | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On November 9, 2021, plaintiff initially filed this case in a Kansas state court. On January 7, 2022, plaintiff filed her First Amended Petition For Damages (Doc. #2-1). In her First Amended Petition, plaintiff states that she is seeking money damages in excess of $75,000. Id. at 3. Defendant then properly removed this action to federal court premised on diversity of citizenship under 28 U.S.C. § 1332. Federal jurisdiction under Section 1332 requires complete diversity of citizenship between plaintiff and defendant and an amount in controversy exceeding $75,000. Plaintiff's amended complaint alleges both. Notice of Removal (Doc. #2) filed February 14, 2022 at 2–3. Plaintiff now seeks to remand this case back to state court on the grounds that this Court no longer has subject matter jurisdiction because she has stipulated providing that the amount in controversy does not exceed $75,000. Plaintiff's Motion To Remand (Doc. #9) filed March 17, 2022; Stipulation Regarding Amount In Controversy (Doc. #8) filed March 17, 2022.

The Court evaluates the propriety of removal from state court based on the complaint at the time of removal. Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488–89 (10th Cir. 1991). A plaintiff's reduction in damages claimed below the amount in controversy requirement does not destroy diversity jurisdiction. St. Paul Mercury Indemnity Co v. Red Cab Co., 303 U.S. 283, 295 (1938) ("[S]ubsequent reduction of the amount claimed cannot oust the district court's

jurisdiction.").  If removal was proper, a plaintiff may not subsequently divest the court of jurisdiction and force remand to state court by simply reducing the amount in controversy.  Id. at 294 (voluntary reduction of amount demanded cannot defeat jurisdiction once removal proceedings perfected); Mahoney v. KC Waterpark Mgmt., LLC, No. 2:18-CV-2585-JAR-JPO, 2019 WL 161502, at *3 (D. Kan. Jan. 10, 2019) (same).

The Court had subject matter jurisdiction over this case when defendant properly removed it to the District of Kansas.  See First Amended Petition For Damages (Doc. #2-1) at 1, 3 (alleging complete diversity and an amount in controversy over $75,000).  Plaintiff's post-removal stipulation therefore is insufficient to deprive this Court of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Remand (Doc. #9) filed March 17, 2022 is **OVERRULED**.

Dated this 30th day of March, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-2-